The United States District Court
For The Northern District of Georgia

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 07 2004

LUTHER D. THOMAS, Clerk
By: Jm  Deputy Clerk

David Matthew Holden TIPPLE
#0965165    as Movant

Vs.

Department of Homeland Security
I.C.E. Division (formerly I.N.S.)

1 04-CV 1648

BBM

Application for Federal Writ of Habeas Corpus under 28 USC s 2241

1. I am presently confined in the Atlanta City Detention Center, 254 Peachtree St, SW, Atlanta Ga 30303.

2. The basis for my petition is a deportation order and detainer placed on me by the DHS/ICE. A copy of the NTA is marked "A" and the Custody Order, "B".

3. I have not presented this claim to the Board of Immigration Appeal.

4. A chronological brief of the background is attached as "C1" and "C2".

5. Ground ONE: I claim that failing to give written notice of a shipment of firearms does not fall within the description of offenses in INA 237(a)(2)(C).

Supporting facts: The term "certain firearms offenses" means not all firearms offenses. None of the terms

1

purchasing, selling, offering for sale, exchanging, using, owning, possessing or carrying, describes a notification crime. It is the lack of notice or the form of notice that constitutes a crime.

6. Ground TWO: I claim that mandatory detention for "certain firearms offenses" and the notification offense in particular, breaches my Constitutional right to be individually considered for bond suitability.

Supporting facts: I do not represent a significant flight risk or a danger to the public. I will appear on time for my court hearings as I have done in the past. If I am granted Voluntary Departure by this court there will be no more hearings.
  I was granted bond by the District Court in Ca. on 8/15/02. I paid the $10,000 cash deposit one week later as stipulated. I appeared for my court hearings even after I was allowed to return home to New Zealand.
  I was granted bond by Judge Hicks of Macon Ga. on 4/21/04. Judge Hicks heard arguments from the A.USA. and my attorney Mr Kim Stephens. The judge was able to consider all aspects such as the 18 month delay since the original charges were laid and that the trial date is not until October 2004. Mr Stephens presented Judge Hicks with reasons the charges cannot be substantiated.

7. Ground THREE: That my detention inhibits my ability to prepare my defense.

Supporting facts: We are not allowed to make calls to our attorneys that are private. We can only make collect calls to our attorneys. Mr Stephens telephone account already exceeds the $500 limit the court has placed on total expenses he can charge for representing me. See "J."
 I have very limited access to the law library; as little as 55 minutes in one week.
 I am not allowed to make International calls to my lawyer brother in Australia. He has not been permitted to talk to me by phone. I am not allowed to make calls to my wife and secretary in New Zealand.
 Obtaining case law is very difficult. It requires a written "Inmate Request". I enclose a copy of one such request which shows it took 8 days to be advised that the case could not be found. marked "D"
 I am currently detained one and a half hours drive from my lawyer. At one stage I was three and a half hours drive from my lawyer. It took him eight hours to see me for one. Because his costs are limited by the court, face to face meetings are not possible at present.

8. Ground FOUR (4): That I.C.E. refused agree to to Immigration Judge Cassidy's approval of Voluntary Departure because of concerns about the unproven charges before the court now.

Supporting facts: Voluntary Departure will allow me to return to the USA for any court hearing. On such a return I would no longer be subject to ICE detention. At present Judge Hicks of the District Court has limited my travel to the state of Ga. he offered to consider amendments once the position on my re-admittance to the USA was clarified.

The stance of the ICE lawyer to detain me "until the outcome of the other charges" does not demonstrate a presumption of innocence. It frustrates the efforts of Judge Hicks and Judge Cassidy to release me from detention.

9. Ground FIVE: That detention causes extraordinary hardship and suffering because I live in New Zealand.

Supporting facts: My wife and I have been married for 28 years. We have six children I am not allowed to make international calls. Mail takes up to 14 days to reach them and costs $1.28 for 4 pages. Visitation is unrealistic. I have not seen my family since January 2003.

Once I have the ICE detainer dealt with Judge Hicks may extend my travel allowance to include New Zealand. At the very least I will have access to phones and emails. Visits from my family would be worthwhile once I am out on bond.

10. Relief requested from the court:

I respectfully request that the court orders:
1. a. My release from detention on my own recognizance.
   or
   b. My release from detention under bond of $2,000.

2. That I be allowed Voluntary Departure up to 120 days from the date of this order.

May 26 2004

*David MH Tipple* (signature)
David MH Tipple

Declaration under penalty of perjury

The undersigned declares under penalty of perjury that he is the movant in the above action, that he has read the above pleading and that the information contained therein is true and correct
28 USC s1746    18 USC s1621

Executed at Atlanta Ga. on May 26 2004

*David MH Tipple* (signature)
David MH Tipple

U.S. Department of Justice
Immigration and Naturalization Service

Continuation Page for Form I-862

| Alien's Name | File Number | Date |
|---|---|---|
| David Matthew Holden TIPPLE | Case No: ATL0405000103<br>A095 965 165 | |

**The Service alleges that you:**

A

1) You are not a citizen or national of the United States;

2) You are a native of NEW ZEALAND and a citizen of NEW ZEALAND;

3) You were admitted to the United States at Atlanta, GA on or about February 5, 2003 as a B1;

\#
You were, on 02/23/2003, convicted in the United States District Court [at] Central District of California for the offense of a Firearms violation, to wit: Unlawful delivery of firearms or ammunition to common carrier, in violation of Title 18 USC 922(e) and sentenced to 12 months confinement and supervised release probation for three (3) years;

4) You were admitted to the United States at Atlanta, GA on or about 02/05/2003 as a nonimmigrant B1 with authorization to remain in the United States for a temporary period not to exceed 08/04/2003;

5) You remained in the United States beyond 08/04/2003 without authorization from the Immigration and Naturalization Service.

**On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:**

Section 237(a)(2)(C) of the Immigration and Nationality Act, as amended, in that, at any time after admission, you have been convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying, or of attempting or conspiring to purchase, sell, offer for sale, exchange, use, own, possess, or carry, in violation of any law, any weapon, part, or accessory which is a firearm or destructive device, as defined in Section 921(a) of Title 18, United States Code.

Section 237(a)(1)(B) of the Immigration and Nationality Act (Act), as amended, in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, you have remained in the United States for a time longer than permitted, in violation of this Act or any other law of the United States.

| Signature | Title |
|---|---|
| ORLANDO WATSON | SUPERVISORY SPECIAL AGENT |

3 of 4 Pages

Form I-831 Continuation Page (Rev. 6/12/92)

U.S. Department of Justice  
Immigration and Naturalization Service

B

## Notice of Custody Determination

David Matthew Holden TIPPLE

C/O DHS/ICE  
77 FORSYTH ST, SW  
ATLANTA, GA 30303

Case No: ATL0405000103  
File No. A095 965 165  
Date: 05/04/2004

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that pending a final determination by the immigration judge in your case, and in the event you are ordered removed from the United States, until you are taken into custody for removal, you shall be:

☒ detained in the custody of this Service.  
☐ released under bond in the amount of $_____.  
☐ released on your own recognizance.

☒ You may request a review of this determination by an immigration judge.  
☐ You may not request a review of this determination by an immigration judge because the Immigration and Nationality Act prohibits your release from custody.

ORLANDO WATSON  
(Signature of authorized officer)

SUPERVISORY SPECIAL AGENT  
(Title of authorized officer)

Atlanta, Georgia  
(INS office location)

☒ I do ☐ do not request a redetermination of this custody decision by an immigration judge.  
☒ I acknowledge receipt of this notification.

_____  
(Signature of respondent)

5/4/04  
(Date)

---

### RESULT OF CUSTODY REDETERMINATION

On _____, custody status/conditions for release were reconsidered by:

☐ Immigration Judge   ☐ District Director   ☐ Board of Immigration Appeals

The results of the redetermination/reconsideration are:  
☐ No change - Original determination upheld.         ☐ Release-Order of Recognizance  
☐ Detain in custody of this Service.                 ☐ Release-Personal Recognizance  
☐ Bond amount reset to _____                    ☐ Other: _____

_____  
(Signature of officer)

Form I-286 (Rev. 4-1-97)N

C1

Chronological brief of events

8/14/02  I was taking 29 sporting rifles and shotguns to my hunting store in New Zealand when I was arrested at L.A.X.

8/15/02  I was charged with: 1) No written notice to the airline of a shipment of firearms and 2) No export license. Copy of indictment, "E".

8/15/02  Judge Wistrich released me on $50,000 bond, secured by $10,000 in cash to be paid one week later. The sentencing guidelines for the offense were level 26, suggesting a prison sentence of about 5 years. Copy of the bond, "F".

8/21/02  $10,000 cash deposit paid on the bond.

10/25/02  I pled guilty to charge one. Charge two was dropped and I was allowed to return home to New Zealand until sentencing in Feb. 2003.

2/12/03  Sentenced to one year in prison, three years supervised release and five thousand dollars fine.

6/20/03  INS. issued a deport order that erroneously determined that my last entry into the USA was on August 8 2002 and that I used a section 217 visa waiver instead of my visa. Copy of the deport order is attached and marked "G".

1/16/04  Three weeks before completion of the 12 month sentence the AUSA of Middle Ga laid charges of supplying false information to the gun dealer in order to deceive him. These charges relate to the same guns

C2

Chronology Page 2.

plus others I had bought from the same dealer in previous years. Copy of detainer for case # 04CR-2 attached and marked "I".

4/16/04 I applied to the Immigration Court for bond and pointed out the errors in the deport order. Judge Cassidy refused to accept jurisdiction because I was "In the Marshall's Custody". Copy of his order attached and marked "H".

4/21/04 Judge Hicks of the USDC at Macon hears arguments from the AUSA and my attorney. He sets bond in the federal case of $50,000.

4/30/04 Bond of $50,000 was paid to the court.

5/4/04 I was taken into ICE detention and issued a new "Notice to Appear" to replace the deport order. The NTA claims 1) overstay and 2) conviction for a firearms offence as reasons to appear before the judge.

5/18/04 Judge Cassidy of the Immigration Court ruled out the overstay issue because I was in prison. He denied bond because of mandatory detention for "Certain firearms offenses". He asked ICE to agree to Voluntary Departure. ICE refused, choosing to wait until the outcome of the new charges. The sentencing guidelines for these new charges are level 24.

# INMATE REQUEST FORM

(Requests for Front Office Employees Help)

Date 4/2/04
Inmate Name: David Tipple
Inmate Request(s):
Law Library Case ple
U S v Lopez   02-1609  2004 US App LEXIS 1334
(2nd Cir. January 29 2004)

U.S. v. Lopez dated Jan. 29, 2004, is not auto mated at this time and has not been posted on the Internet. There is a 1994 case involving U.S. v. Lopez.

4/12/04

Date Received: _____
Received By Jailer: _____

Date Received: _____
Received By Front Office Employee: _____

Returned to Jailer: 4-12-04     from _____
Date Returned: 4-12-04            (front office employee)

Returned to Inmate: _____
Date Returned: _____

Inmate Signature and Date Received: _____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2002 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 02- 962 |
| ) | |
| Plaintiff, ) | I N D I C T M E N T |
| ) | |
| v. ) | [18 U.S.C. § 922(e): Unlawful Delivery of Firearms or Ammunition to Common Carrier; 22 U.S.C. §§ 2778(b)(2), (c), 22 C.F.R. § 127.1(a): Exporting Defense Articles Without A License] |
| DAVID MATTHEW HOLDEN ) | |
| TIPPLE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 922(e)]

On or about August 13, 2002, in Los Angeles, within the Central District of California, defendant DAVID MATTHEW HOLDEN TIPPLE knowingly delivered to a common carrier, namely, United Airlines, for transportation and shipment in foreign commerce to a person, other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, containers, which contained semi-automatic and bolt action rifles/carbines, firearm

SPG:spg

parts and accessories, and ammunition, without written notice to United Airlines that such firearms, firearm parts and accessories, and ammunition were being transported and shipped.

# UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff, | CASE NUMBER | |
|---|---|---|
| v. David Matthew Tipple | COMPLAINT 02-1708M | INDICTMENT / INFORMATION |
| Defendant/Material Witness | Violation of Title 28 Section 2778(b)(2) | |

**PERSONAL RECOGNIZANCE** (Signature only - no dollar amount)
☐ UNSECURED APPEARANCE BOND IN THE AMOUNT OF $ _____ by 02-21-02 RELEASE No. 26107
☒ APPEARANCE BOND IN THE AMOUNT OF $ 50,000.00
   ☒ WITH CASH DEPOSIT (AMOUNT OR %) 10,000.00
   ☒ WITH AFFIDAVIT OF SURETY NO JUSTIFICATION (Form CR-4) resp 3rd
   ☐ WITH AFFIDAVIT WITH JUSTIFICATION OF SURETY (Form CR-3) party
   ☐ WITH DEEDING OF PROPERTY
☐ RELEASE TO PRETRIAL ONLY
☐ FORTHWITH RELEASE
☐ ALL CONDITIONS OF BOND SHALL BE MET AND BOND POSTED BY: approved by USA office
☐ COLLATERAL BOND IN AMOUNT OF $ _____ (Cash or Negotiable Securities)
☐ CORPORATE SURETY BOND IN AMOUNT OF $ _____ (Separate Form Required)
☐ ADDITIONAL REQUIREMENTS: _____

☐ BAIL FIXED BY COURT _____ ☐ ALL REQUIREMENTS HAVE BEEN MET: _____
   DEPUTY CLERK                                             DEPUTY CLERK

### PRE-CONDITIONS TO RELEASE
☐ You shall surrender to the Clerk of Court all passports issued to you ☐ and not apply for the issuance of a passport during the pendency of this case.
☐ Bail is subject to Nebbia hearing which is a hearing to inquire about the source of the collateral.
   ☐ The Nebbia hearing can be waived by the government.

### ADDITIONAL CONDITIONS OF RELEASE
*In addition to the GENERAL CONDITIONS of RELEASE, as specified below, the following conditions of release are imposed upon you:*
☒ Pretrial Services Supervision     ☒ INTENSIVE
☐ Travel is restricted to: _____
☐ Do not enter premises of any airport, seaport, or terminal which permits exit from the continental U.S. without Court permission.
☐ Do not enter premises of any bus, railroad, airport, or seaport terminal which permits exit from area of restricted travel without Court permission.
☐ Do not use or possess illegal drugs. ☐ Cooperate in drug / alcohol testing as deemed necessary by Pretrial Services
☐ You shall participate in a residential drug/alcohol treatment program as approved by Pretrial Services.
☐ You shall possess NO firearms or destructive devices.
☐ You are to reside with _____ See attached CR/A for additional
☐ Other conditions: _____ conditions

### GENERAL CONDITIONS OF RELEASE

I will appear in person in accordance with any and all directions and orders relating to my appearance in the above entitled matter as may be given or issued by the Court or any judicial officer thereof, in that Court or before any Magistrate Judge thereof, or in any other United States District Court to which I may be removed or to which the case may be transferred.

                                                                                                                   a.m.

I understand the next ordered appearance is at _____ _____ p.m.
                                        (Place)                              (Date/Time)

I will abide by any judgment entered in this matter by surrendering myself to serve any sentence imposed and will obey any order or direction in connection with such judgment as the Court may prescribe.

I will not leave the State of California except upon order of this Court, and I will immediately inform my counsel of any change in my residence address or telephone number so that I may be reached at all times.

I will not commit a Federal, State, or local crime during the period of release.

I will not intimidate any witness, juror or officer of the court or obstruct the criminal investigation in this case in violation of Title 18 U.S.C. Section 1503 and 1510. Additionally, I will not tamper with, harass or retaliate against any alleged witness, victim or informant in this case in violation of Title 18 U.S.C. Section 1512 and 1513.

### ACKNOWLEDGMENT OF DEFENDANT/MATERIAL WITNESS

AS A CONDITION OF MY RELEASE ON THIS BOND, PURSUANT TO TITLE 18 OF THE UNITED STATES CODE, I HAVE READ OR HAVE HAD INTERPRETED TO ME AND UNDERSTAND THE GENERAL CONDITIONS OF RELEASE, THE PRE-CONDITIONS AND ADDITIONAL CONDITIONS OF RELEASE AS CHECKED ABOVE AND AGREE TO COMPLY WITH ALL CONDITIONS OF RELEASE IMPOSED ON ME AND TO BE BOUND BY THE PROVISIONS OF LOCAL CRIMINAL RULES 5.2, 5.4 AND 5.5

FURTHERMORE, IT IS AGREED & UNDERSTOOD THAT THIS IS A CONTINUING BOND (INCLUDING ANY PROCEEDING ON APPEAL OR REVIEW) WHICH SHALL CONTINUE IN FULL FORCE & EFFECT UNTIL SUCH TIME AS DULY EXONERATED.

I UNDERSTAND THAT VIOLATION OF ANY OF THE GENERAL AND/OR ADDITIONAL CONDITIONS OF RELEASE AS GIVEN ON THE FACE OF THIS BOND MAY RESULT IN A REVOCATION OF RELEASE, AN ORDER OF DETENTION AND A NEW PROSECUTION FOR AN ADDITIONAL OFFENSE WHICH COULD RESULT IN A TERM OF IMPRISONMENT AND/OR FINE.

I FURTHER UNDERSTAND THAT IF I FAIL TO OBEY AND PERFORM ANY OF THE GENERAL AND/OR ADDITIONAL CONDITIONS OF RELEASE AS GIVEN ON THE FACE OF THIS BOND, THIS BOND MAY BE FORFEITED TO THE UNITED STATES OF AMERICA. IF SAID FORFEITURE IS NOT SET ASIDE, JUDGMENT MAY BE SUMMARILY ENTERED IN THIS COURT AGAINST MYSELF AND EACH SURETY, JOINTLY AND SEVERALLY, FOR THE BOND AMOUNT, TOGETHER WITH INTEREST AND COSTS, AND EXECUTION OF THE JUDGMENT MAY BE ISSUED AND PAYMENT SECURED AS PROVIDED BY THE FEDERAL RULES OF CRIMINAL PROCEDURE AND OTHER LAWS OF THE UNITED STATES AND ANY CASH, REAL OR PERSONAL PROPERTY OR THE COLLATERAL PREVIOUSLY POSTED IN CONNECTION WITH THIS BOND MAY BE FORFEITED.

DATE: 5/15/02        _____        _____
                               Defendant/Material Witness' Signature                   Telephone Number

## ORDER OF DEPORTATION
## SECTION 217

TO: TIPPLE, David Matthew     aka: Tipple, David Matthew Holden     A95 965 165

Having determined that:

You are neither a citizen nor a national of the United States, you are a native of New Zealand and a citizen Of New Zealand,
and

    _____You were admitted to the United States on August 8, 2002 at Chicago, Illinois under Section 217 of the Immigration and Nationality Act and authorized to remain until November 7, 2002. You obtained your entry by presenting your New Zealand passport (#AA078042).

and

    _____After admission as a nonimmigrant under Section 217 of said act, you have remained in the United States longer than authorized, pursuant to Section 237(a)(1)(B) of the Act,

and

    _____You are deportable from the United States pursuant to Section 237(a)(2)(C) of the Immigration and Nationality Act, as amended, in that at ant time after admission, you have been convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying, or of attempting or conspiring to purchase, sell, offer for sale, exchange, use, own, possess or carry, in violation of any law, any weapon, part, or accessory which is a firearm or destructive device, as defined in Section 921(a) of Title 18, United States Code, to wit: You were, on February 12, 2003, convicted in the United States District Court, Central District of California, for the offense of Unlawful Delivery of Firearms or Ammunition to a Common Carrier in violation of Title 18, United States Code, Section 922(e).

and

    _____You have waived your right to contest any action for deportation, except to apply for asylum, having been admitted under Section 217 of the Immigration and Nationality Act,

by virtue of the authority vested in the Attorney General of the United States, and in me as his delegate, by the laws of the United States,

I HEREBY ORDER that you be deported from the United States Of America.

_\[signature\]_ by _\[signature\]_     Date: JUN 2 0 2003
Thomas M. Baranick
Interim Field Office Director
Detention and Removal Operations
Phoenix, Arizona

H

```
BP-S394.058  DETAINER ACTION LETTER   CDFRM
MAR 03
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS
```

| To: United States Marshals Service<br>District of New Mexico<br>United States Courthouse<br>333 Lomas Blvd. NW Ste. 180<br>Albuquerque, NM 87102<br>ATTN: Wilma Bright | From: Cibola County Correctional Center<br>PO Box 2540<br>Milan, NM 87021 |
|---|---|
| | Date: January 22, 2004 |

| Case/Dkt# | Inmate's Name: | Fed Reg No. | DOB/SEX/RACE |
|---|---|---|---|
| 04CR-2 | Tipple, David Matthew | 21327-112 | 10-22-55/M/W |
| Aliases: Tipple, David M. | | Other No. | |

The below checked paragraph relates to the above named inmate:

☐ This office is in receipt of the following report:_____
_____. Will you please investigate this report and advise what disposition, if any, has been made of the case. If subject is wanted by your department and you wish a detainer placed, it will be necessary for you to forward a certified copy of your warrant to us along with a cover letter stating your desire to have it lodged as a detainer. If you have no further interest in the subject, please forward a letter indicating so.

X   A detainer has been filed against this subject in your favor charging <u>False Statements to Firearms Dealer</u>. Release is tentatively scheduled for <u>February 6, 2004</u>. **To check on an inmate's location, you may call our National Locator Center at: 202-307-3126 or check our BOP Inmate Locator Website at www.bop.gov.**

☐ Enclosed is your detainer warrant. Your detainer against the above named has been removed in compliance with your request.

☐ Your detainer warrant has been removed on the basis of the attached _____. Notify this office immediately if you do not concur with this action.

☐ Your letter dated _____ requests notification prior to the release of the above named prisoner. Our records have been noted. Tentative release date at this time is _____.

☐ I am returning your _____ on the above named inmate who was committed to this institution on _____ to serve _____ for the offense of _____. If you wish your _____ filed as a detainer, please return it to us with a cover letter stating your desire to have it placed as a hold or indicate you have no further interest in the subject.

☐ Other:

Sincerely,

M. Cabrera

Memory Cabrera
Records Supervisor for:
Chris Lucero
Inmate Systems Manager

Original - Addressee, Copy - Judgment & Commitment File; Copy - Inmate; Copy - Central File (Section 1); Copy - Correctional Services Department

(This form may be replicated via WP)                (Replaces BP-394(58) dtd FEB 1994)

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 07 2004

LUTHER D. THOMAS, Clerk
By: JM Deputy Clerk

WRITE UP

RECEIVED MAY 27 2004

# ATLANTA DEPARTMENT OF CORRECTIONS
## INMATE'S REQUEST FORM

**INSTRUCTIONS**
Complete items numbered below. Follow instructions in preparing your request. It can be responded to more promptly and intelligently.

| 1. To: (Inmate Service Representative) Mr Kraus | 2. Date: 5/26/04 |
|---|---|
| 3. Request By: (Print Inmate Name) David Tipple (Inmate Signature) | 4. Inmate Number: 0400330Z |
|  | 5. Housing Unit / Cell Number: SNW 202 |

**6. Subject:** State your request completely but briefly. Give details.

I would like to make calls to my attorney who does not accept collect calls and I would also like to make attorney/client calls that are not monitored and/or recorded. I explained this difficulty to the Immigration Judge and he asked for the refusal in writing. Thanking you.

**7. Response** (This Section for Inmate Service Representative Response Only)

WE DO NOT PRESENTLY HAVE A PROCESS IN PLACE TO ALLOW THIS TYPE OF CONVERSATION

WR Kraus

RETURN - TO Kraus

Received by Officer: _____  Date: _____

Inmate Service Representative: _____

_____   _____
Print         Signature

JUN 03 2004
Date

Revised January 2003